UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>CHARLES LESS SCHMIDT,<br><br>    Defendant. | Case No. 4:19-cr-00371-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Charles Schmidt's Motion to Reduce Sentence. Dkt. 63. The Government did not respond to the Motion.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Schmidt's Motion.

## II. BACKGROUND

Schmidt was charged with, and convicted of, Possession with Intent to Distribute Cocaine, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Dkts. 1, 39. Ultimately, the Court sentenced Schmidt to 58 months imprisonment. Dkts. 49–51. Schmidt is currently

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

incarcerated at the Federal Correctional Institution in Sheridan, Oregon ("FCI Sheridan") and has a projected release date of June 28, 2024.

Schmidt previously filed five motions seeking to reduce his sentence or gain compassionate release. Dkts. 53, 54, 55, 57, 60. The Court denied all. Dkt. 62.

Recently, Schmidt filed another Motion to Reduce Sentence. Dkt. 63. Schmidt's Motion is virtually identical to other motions the Court has recently received from inmates housed at FCI Sheridan. This form motion—that, as will be explained below, was likely written by another inmate—alleges problematic conditions at FCI Sheridan because of the COVID-19 pandemic and requests a reduction in Schmidt's sentence. *See generally* Dkt. 63, at 1–4. Schmidt also attached a handwritten page outlining three additional reasons he believes a sentence reduction is appropriate in his case. *Id*. at 6.

### III. LEGAL STANDARD

Schmidt seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered

MEMORANDUM DECISION AND ORDER - 2

criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by

---

extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In his Motion, Schmidt claims he submitted a "cop-out" to the Warden at FCI Sheridan on June 15, 2023. Dkt. 63, at 1. Schmidt included a copy of his purported request in conjunction with his motion. *Id*. at 5. The problem, however, is that the Court is not convinced this request was ever submitted to the Warden at FCI Sheridan.

As noted above, the Court is dealing with multiple identical motions from individuals at FCI Sheridan. At the top of the present Motion is an inmate identification number. That number (16664-006) belongs to another inmate at FCI Sheridan (Robin Gattis). Schmidt's inmate number is 20190-023. It appears that Gattis (and/or another individual) created this "fill-in-the-blank" style pleading and circulated it to other inmates for use. Unlike other cases where the Government confirmed with FCI Sheridan that no individualized request for Schmidt was submitted, it did not apparently do that in this case. As a result, the Court cannot dismiss the motion outright for failure to exhaust because it cannot confirm its *strong* suspicion that Schmidt did not actually exhaust his administrative remedies. Thus, the Court begrudgingly assumes exhaustion and continues onto the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Schmidt's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Schmidt bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

The real problem in this case is Schmidt provides *nothing* concrete in support of his motion. His "cop-out" to the Warden at FCI Sheridan lists virtually all the statutory reasons for release and implies each of those reasons apply to him. But Schmidt's Motion is—as already noted—a form motion that broadly speaks to the conditions at FCI Sheridan. This

MEMORANDUM DECISION AND ORDER - 5

generic information about conditions at FCI Sheridan is insufficient to carry Schmidt's burden that he *personally* is experiencing any extraordinary and compelling circumstances that may warrant release. The Court will not consider the information therein.

That said, Schmidt has outlined three "supplemental" reasons he contends qualify as "extraordinary and compelling." Dkt. 63, at 6. The Court will briefly address each.

First, Schmidt asserts he was subject to a 2-point increase in criminal history as part of sentencing which no longer applies. *Id*. Schmidt is correct that recent changes have been made to the "status points" provision regarding criminal history. That said, the recent change *does not* affect Schmidt's sentence because it does not affect his underlying criminal history category. Schmidt's criminal history subtotal was twelve points. Dkt. 42, at 14. An additional two points were added because Schmidt committed the instant offense while on supervised release for a total of fourteen points. The new amendment only adds one point if the offense is committed while subject to another term or sentence. That would have resulted in a total of thirteen points. *See* U.S.S.G. § 4A1.1(e).[3] But thirteen points is the threshold for a criminal history category of six. *See* U.S.S.G. Chapter 5, Part A table. Thus, even if Schmidt's criminal history was calculated today under the new amendment, he would still be classed as a criminal history category six and the guideline range would be the same. Thus, this argument is unavailing.

Second, Schmidt "encorporate[s] [sic] by reference" all of his medical records from

---

[3] Seven points is the cutoff for determining how many additional points apply. Thus, a person who otherwise presents seven or more criminal history points now receives one additional "status" criminal history point, instead of two under the old regime, and a person who otherwise presents six or fewer criminal history points receives no additional status points, instead of 1 under the prior rules.

MEMORANDUM DECISION AND ORDER - 6

his prior motions and alleges his health conditions make his sentence "more of a punishment than the one envisioned by the judge." Dkt. 63, at 6. The Court previously addressed Schmidt's medical conditions and noted that, while they placed him at a higher risk of contracting a severe case of COVID-19, there was no indication the BOP was not adequately managing his conditions while incarcerated. Dkt. 62, at 8–10. Schmidt has not submitted any information to indicate his conditions have worsened or that he is suffering from new or untreated conditions. He simply states his medical conditions make incarceration more punitive. This is insufficient to qualify as compelling.

Finally, Schmidt asserts that the conditions at FCI Sheridan are unbearable and have resulted in over 200 cruel and unusual punishment lawsuits. This hearkens back to the Court's findings as it relates to the template portion of Schmidt's motion. To reiterate, general allegations of difficult conditions of confinement do not qualify as extraordinary and compelling reasons justifying an early release.

Finally, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against Schmidt's release at this time.[4] As it outlined in its prior decision: "While Schmidt was not

---

[4] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

MEMORANDUM DECISION AND ORDER - 7

convicted of a violent offense, he was involved in the distribution of cocaine, methamphetamine, and LSD in the community. Critically, Schmidt committed the instance offense only one month after having been released from Idaho state custody." Dkt. 62, at 12. The Court maintains the public is best protected by Schmidt's continued incarceration at this time.

In sum, the Court assumes Schmidt has exhausted his administrative remedies despite its suspicions otherwise. Regardless, Schmidt has failed to demonstrate an "extraordinary and compelling reason" for his release, and has failed to show that such a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Schmidt at this time. Accordingly, the Court must DENY Schmidt's motion.

## V. ORDER

The Court HEREBY ORDERS:

1. Schmidt's Motion to Reduce Sentence (Dkt. 63) is DENIED.

DATED: March 18, 2024

David C. Nye
Chief U.S. District Court Judge

---

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 8